H. W. Caldwell & Son Company, Respondent, v. Spencer Kellogg Company and Others, Appellants, Impleaded with Others.—Judgment and order affirmed, with costs. All concurred.

In the Matter of the Application of Anna Ingersoll Rich, Respondent, for a Writ of Mandamus Directing the Onondaga Chapter, Daughters of the American Revolution, Appellant, and the Officers Thereof, to Reinstate Said Anna Ingersoll Rich to Membership, etc.—Final order and judgment, and order denying motion for new trial, affirmed, with costs. Interlocutory judgment, order denying motion to frame issues, and order denying motion to make alternative writ more definite and certain, affirmed, without costs. All concurred.

In the Matter of the Administration of the Goods, etc., of Louis E. Babcock, Deceased. Gould Paper Company and Others, Appellants; William L. Babcock and Another, as Administrators, etc., Respondents.— It appearing that the justices qualified to sit in this appeal are equally divided and unable to render a decision herein, the appeal is transferred to the Appellate Division, Third Department, to be there heard and determined, pursuant to section 231 of the Code of Civil Procedure. Merrell, J., not sitting.

Lyman E. Klotz, Appellant, v. Wesley M. Angle and Another, as Executors, etc., Respondents.— Judgment affirmed, with costs. All concurred, except Kruse, P. J., who dissented upon the ground that assuming that the Missouri statute† applies, questions of fact were presented by the evidence as to whether the discovery by the aggrieved party of the facts constituting the fraud was within the time limited for the commencement of the action under the Missouri statute.

Lyman E. Klotz, Appellant, v. Lily B. M. Fenn, as Executrix, etc., Respondent.— Order affirmed, with ten dollars costs and disbursements. All concurred, except Kruse, P. J., who dissented.

Hazel Evelyn MacLeod, Respondent, v. Lucius H. Smith, Appellant.— Judgment and order reversed and new trial granted, with costs to appellant to abide event. Held, that the verdict of the jury is against the weight of the evidence on the question of the negligence of the defendant. All concurred, except Kruse, P. J., who dissented.

---

* Amdg. County Law, § 169, as amd. Since amd. by Laws of 1913, chap. 637.— [REP.

† See Revised Statutes (1909), §§ 1887, 1889; Statute of Limitations.— [REP.